IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30051
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CATHERINE DOUCET,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 93-CR-60038
- - - - - - - - - -
August 23, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Catherine Doucet contends that the district court erred during resentencing by departing upward under U.S.S.G. § 2F1.1 and imposing an additional six-month term of incarceration.  She requests that the six-month period be credited towards her two-year term of supervised release, which she is already serving.

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

An upward departure will be affirmed if the district court offers acceptable reasons for the departure and the departure is reasonable.  United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc).  In making sentencing decisions, the district court properly considers any relevant evidence which has sufficient indicia of reliability to support its probable accuracy, including information supplied by investigating agents. U.S.S.G. § 6A1.3(a); see United States v. Manthei, 913 F.2d 1130, 1138 (5th Cir. 1990).  A defendant bears the burden of demonstrating that sentencing information is materially untrue. United States v. Rodriquez, 897 F.2d 1324, 1328 (5th Cir.), cert. denied, 498 U.S. 857 (1990).

If both the actual and intended loss approach zero, as the district court implicitly found in this case, the district court may then choose to exercise its discretion and depart upward from the sentencing range because the determined loss significantly understates the seriousness of a defendant's conduct.  United States v. Henderson, 19 F.3d 917, 928 & n.12 (5th Cir.), cert. denied, 115 S. Ct. 207 (1994); § 2F1.1 (comment.) n.7.  The district court so exercised its discretion, and relied on reliable information supplied by the investigating FBI agent. Doucet has not shouldered her burden.  See Rodriquez, 897 F.2d at 1328.

Doucet also attempts to reassert an issue concerning materiality under 18 U.S.C. § 1014.  This exact issue was previously decided adversely to her on appeal, wherein we affirmed her conviction but vacated her sentence and remanded

"for a finding on Doucet's actual intent regarding the [amount of] loss." United States v. Doucet, No. 94-40250, slip op. at 11 (5th Cir. Nov. 23, 1994). Doucet's argument does not impact her sentence but, rather, attacks her conviction. Thus, the issue is beyond the scope of remand. See United States v. Kinder, 980 F.2d 961, 963 (5th Cir. 1992), cert. denied, 113 S. Ct. 2376 (1993).

SENTENCE AFFIRMED.